Haitham E. Ballout (Calif. Bar No. 148364)
Stanley D. Radtke (Calif. Bar No. 253011)
LAW OFFICES OF HAITHAM EDWARD BALLOUT
1290 Howard Avenue, Suite 300
Burlingame, California 94010
Telephone: (650) 373-1122
Facsimile: (650) 373-1121
hb@balloutlaw.com

Attorneys For Plaintiffs,
ELIAS KHENAISSER,

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIAS KHENAISSER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> SAFWAY SERVICES, INC. ET AL., ) <br> ) <br> Defendants. ) | **NO. C 08-01615 JCS** <br><br> **PLAINTIFF'S MOTION FOR REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447** <br><br><br> **Noted on Motion Calendar:** <br> May 16th, 2008 |

Plaintiff Elias Khenaisser, by and through their attorney, Haitham Edward Ballout of the Law Offices of Haitham Ballout, hereby respond to the Notice of Removal of Action Under 28 U.S.C. Section 1441(b) (Diversity) by Safway Services, Inc. ("Safway") with this Motion for Remand to State Court Pursuant to 28 U.S.C. § 1447.

I. **RELEVANT PROCEDURAL HISTORY**

This action commenced in Alameda County Superior Court and a case schedule was issued on March 6, 2008, and entitled *Khenaisser v. Safway Services, Inc.* under

1

Alameda County Superior Court Case Number HG08374816. Defendant Safway was served on March 6, 2008 and defendant ThyssenKrupp Safway, Inc. was served on March 6, 2008. On March 24, 2008, filed its Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity).

## II.     REQUIREMENTS OF 28 U.S.C. § 1446 AND 1447

28 U.S.C. § 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. § 1447 provides, in pertinent part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

This Motion for Remand has been filed within thirty (30) days of removal; all procedural and jurisdictional objections are timely.

### III. LEGAL STANDARDS GOVERNING REMOVAL.

**A. Diversity Jurisdiction Requires that the Amount in Controversy Exceeds the Sum or Value of $75,000, Exclusive of Interest and Costs.**

Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Where, as here, the diversity jurisdictional threshold exists only "where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs." 28 U.S.C. § 1332(a).

**B. The Amount in Controversy is Determined from the Complaint and Must be Measured at the Outset.**

Diversity jurisdiction must be ascertainable at commencement of the action; later events generally do not affect diversity jurisdiction. Thus, diversity jurisdiction exists if the complaint as failed puts more than $75,000 at issue. *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004).

The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

**C. Pre-Litigation Demand Letter Does Not Constitute "Other Paper" for Purposes of Giving Notice to Defendants of Amount in Controversy.**

"[W]here such details are obscured or omitted [such omission] makes the case stated by the initial pleading not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading . . . or other paper to file its notice of removal." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005).

3

"[W]e have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal'" <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d at 1090.

"We conclude that adhering to the plain language of the second paragraph of § 1446(b) by requiring that an 'other paper,' in order to trigger the thirty-day time period, be received by a defendant only after that defendant has received the initial pleading . . ." <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 164 (5th Cir. 1992).

### D. The Burden of Establishing Removal Jurisdiction is on the Party Seeking Removal, Not the Party Seeking Remand to State Court.

It is well-settled under case law that the burden is on the party seeking to preserve the district court's removal jurisdiction, not the party moving for remand to state court, to show that the requirements for removal have been met.

"The removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007).

The Ninth Circuit nonetheless commands that courts "strictly construe the removal statute against removal jurisdiction." See <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

//

//

IV. **SUMMARY OF GROUNDS FOR REMAND.**

　　A.　**There is No Basis For Diversity Jurisdiction Pursuant to 28 U.S.C. § 1441(b) As the Amount in Controversy Requirement Has Not Been Established.**

Safway removed this action on the basis of diversity jurisdiction. The removing Defendant can make the requisite showing of the amount in controversy either by demonstrating that it is *facially apparent from the complaint* or setting forth facts in the notice of removal that supports a finding of the requisite amount.

　　　　**1.　Complaint Fails to Establish Jurisdiction Threshold**

Defendant has not and cannot establish that the amount in controversy exceeds the threshold jurisdiction limit facially from the complaint because on the face of the complaint filed by Plaintiff in state court, the amount in controversy is insufficiently stated and does not meet the Defendant's burden of proof. "[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d at 699.

In the complaint's prayer for relief, Plaintiff asks for general and special damages according to proof at the time of trial. (*See* Exhibit "A" attached to the Declaration of Todd L. Peterson).

Therefore, as complaint does not and cannot provide the "preponderance of evidence" necessary for the Defendant to prove the necessary amount in controversy is met, removal pursuant to the first paragraph of 28 U.S.C. § 1446(b), fails.

　　　　**2.　"Other Papers" Submitted by Defendant are Pre-Litigation and Therefore Cannot be Used to Establish the Amount in Controversy.**

The remaining alternative for Defendant's removal jurisdiction is pursuant to 28 U.S.C. § 1446(b), second paragraph, which states in pertinent part: "If the case stated by

the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, order or other paper from which it may be first ascertained that the case . . . is removable . . ."

However, the only evidence Defendant submitted with its Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity) is Plaintiff's demand letter, dated August 22, 2007.

First, as a threshold matter, this letter is absolutely privileged as a pre-litigation communication under the California Civil Code Section 47(b) and cannot therefore be used by Defendant's counsel for the purpose of establishing a factual basis.

The pre-litigation demand letter cannot be deemed an "other paper" for the purpose of establishing the amount in controversy, as held by the Fifth Circuit and explicitly endorsed by the Ninth Circuit. "We conclude that adhering to the plain language of the second paragraph of § 1446(b) by requiring that an 'other paper,' in order to trigger the thirty-day time period, be received by a defendant only after that defendant has received the initial pleading . . ." <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 164 (5th Cir. 1992).

Furthermore, the use of this pre-litigation demand letter would entail the court's acceptance of Plaintiff's pre-litigation negotiating position as a factual basis. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." <u>Diefenthal v. Civil Aeronautics Bd.</u>, 681 F.2d 1039, 1052 (5th Cir. 1982).

Thus, Exhibit "B" submitted by Defendant's counsel in the Declaration of Todd L. Peterson, cannot form the basis of determining the amount in controversy in the instant

6

matter. As this pre-litigation document is the sole evidence submitted by Defendant's in support of their Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), they have failed meet their burden of proof that the amount in controversy exceed the threshold limit of $75,000, and this case must be remanded back to state court.

## V. CONCLUSION

Plaintiff's Motion for Remand ought to be granted; diversity jurisdiction has not been established by Defendant's Notice of Removal as the complaint utterly fails to provide the preponderance of proof necessary and the proffered is a pre-litigation demand letter is not an "other paper" for the purpose of removal jurisdiction pursuant to 28 U.S.C. § 1446(b).

This matter is properly remanded to state court for further adjudication.

DATED: April 4, 2008

LAW OFFICES OF HAITHAM BALLOUT

/s/ Haitham E. Ballout

Haitham Edward Ballout, Esq.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

1. **Todd L. Peterson @ tlpeterson@drydenlaw.com**

Dated at Burlingame, California on this the 4th day of April, 2008.

/s/ Haitham E. Ballout
Haitham E. Ballout, Esq.
Attorney for Plaintiff
LAW OFFICES OF HAITHAM BALLOUT
1290 Howard Ave., Suite 300
Burlingame, CA 94010
(650) 373-1122
Email: hb@balloutlaw.com